# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WILLIE SIMPSON,**

        Petitioner,

-vs-                                  Case No. 15-C-171

**WILLIAM POLLARD,**
Warden of Waupun Correctional Institution,

        Respondent.

## DECISION AND ORDER

By a petition and supporting documents filed on February 12, 2015, Petitioner Willie Simpson ("Simpson") seeks leave to proceed in forma pauperis on his petition for habeas corpus relief under 28 U.S.C. § 2241 challenging the fact and duration of his continued incarceration. (ECF Nos. 1-4.)

To proceed under § 2241, a prisoner must name his custodian (typically, the warden) as respondent. *See Samirah v. O'Connell,* 335 F.3d 545, 551 (7th Cir. 2003). Although Simpson purports to bring his habeas petition pursuant to § 2241, Rule 1(b) of the Rules Governing § 2254 Cases and Civil L.R. 9(a)(2) (E.D. Wis.) provide for the application of the § 2254 Rules to other habeas petitions. Simpson has named as a respondent

William Pollard ("Pollard"), the custodian of Waupun Correctional Institution where Simpson is confined. Pollard is a proper respondent. *See* Rule 2(a) of the Rules Governing § 2254 Cases. Simpson also named Governor Scott Walker ("Walker") and the Wisconsin Department of Corrections ("DOC") as respondents. Neither Walker nor the DOC is a proper respondent; therefore, they are dismissed from the action.

*Relevant Criminal Convictions[1]*

Simpson was first convicted in the Milwaukee County Circuit Court in 1997 of second-degree sexual assault of a child under Wis. Stat. § 948.02(2). The court stayed the resulting 15-year prison sentence and placed Simpson on probation, which was revoked in 1999 after he molested a 6-year-old. He was subsequently convicted of two counts of first-degree sexual assault of a child under Wis. Stat. § 948.02(1) and sentenced to two consecutive prison terms of 25 years each.

In 2012, Simpson was convicted in Dodge County Circuit Court, case number 12CF066, of battery by prisoners, bail jumping and disorderly conduct in violation of Wis. Stat. §§ 940.20(1), 946.49(1)(b), and 947.01,

---

[1] The Court recognizes that Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner who seeks relief from more than one state court judgment must file a separate petition covering the judgment(s) of each state court. However, under the circumstances of this case, this Court declines to further increase the burden presented by this petition by opening additional case files for each challenged conviction.

respectively.  (*See* http://wcca.wicourts.gov/ last visited Feb. 20, 2015).  The Dodge County case resulted in three consecutive prison terms of 5 years, 1 year, and 90 days, respectively, that are consecutive to Simpson's previous sentences. Simpson appealed the Dodge County convictions.  The appeals were dismissed by the Wisconsin Court of Appeals on July 24, 2014. *See* State *v. Simpson, Nos.* 2014AP001477, 2014AP001419.

In 2013, Simpson was convicted in Grant County Circuit Court case numbers 11CF123 of one count of battery by prisoners with a resulting 3-year prison sentence consecutive to the sentence Simpson is currently serving and 11CF220 of six counts of prisoner throwing/expelling bodily substances in violation of Wis. Stat. § 946.43(2m)(a) with two resulting consecutive 2-year and 6-month prison terms (counts one and two), consecutive to Simpson's current sentences, and three 2-year and 6-month prison terms, concurrent to the count one sentence (counts three, five, and six), and one 2-year and 6-month prison term, concurrent to the sentence on count two (count four).  By a January 23, 2015, order the Wisconsin Court of Appeals extended the time to for Simpson to make arrangements with the court reporter to pay for the preparation of transcripts and to order the circuit court case record until February 23, 2015, and stated that subsequent deadlines will run from the dates of the requests.  *See State v.*

*Simpson*, 2014XX001155-CR (Wis. Ct. App.) (http://wscca.wicourts.gov/ last visited Feb. 20, 2015).

## *Grounds for Relief*

Simpson's petition for habeas relief lists two grounds for relief. Ground one alleges Fourteenth Amendment liberty interest violations arising from application of Wis. Admin. Code § DOC 303.01(1) and (2) to his 1999 conviction and the convictions in Dodge County Circuit Court, case number 12CF066, and in Grant County Circuit Court case numbers 11CF123 and 11CF220. Ground two alleges Fourteenth Amendment liberty interest violations arising from application of Wis. Admin. Code § DOC 302.04[2] to his convictions in Dodge County Circuit Court, case

---

[2] Wisconsin Administrative Code § DOC 302.04 provides:

> **(1)** The purpose of a custody classification is to determine the appropriate placement of an inmate in order to regulate the supervision and movement of inmates among institutions, and between institutions and community programs.
>
> **(2)** Custody classification is determined by assessing the risk of each inmate regarding all of the following:
>
> (a) Assaultive or predatory behavior.
>
> (b) Escape, walk-away, and absconding occurrences.
>
> (c) Violation of inmate disciplinary rules under ch. DOC 303.
>
> (d) Disruption to the orderly processes of an institution.

number 12CF066, and in Grant County Circuit Court case numbers 11CF123 and 11CF220. Simpson asserts that he has exhausted his remedies by filing an inmate complaint and appealing to the warden.

Subsequently, Simpson filed a motion for partial dismissal pursuant to Fed. R. Civ. P. 41 regarding his claim upon the contention that the DOC violated his Fourteenth Amendment liberty interest in freedom from judgments of a court lacking jurisdiction by applying Wisconsin Administrative Code § DOC 303.01(1) and (2). (ECF No. 8.)

As grounds for this request, Simpson states that he raised a similar ground in a petition under § 2241 that he filed in the Western District of Wisconsin, which was dismissed as a successive petition. *See Simpson v. Pollard,* No. 14-CV-511, 2015 WL 518805, at \*2 (W.D. Wis. Feb. 9, 2015). Simpson states he appealed the ruling and that the decision will be dispositive with respect to the similar issue in this action.

---

(e) Participation and progress in program or treatment.

(f) Adjustment and history under community supervision.

(g) Pending legal processes.

(3) The department initiates custody classification at A&E and changes it by an individualized assessment through the program review process using factors identified in s. DOC 302.07.

*Prior Habeas Petitions*

In addition to the 2014 Western District of Wisconsin petition, Simpson has previously filed petitions under § 2254 attacking one or more of the convictions that are involved in Simpson's current petition. In 2002, Simpson filed two petitions for relief in this District pursuant to 28 U.S.C. § 2254. *See Simpson v. Kingston,* No. 02-cv-01099, 2006 WL 272759 (E.D. Wis. Feb. 2, 2006) (denying petition); *Simpson v. Kingston,* No. 02-cv-01100 (E.D. Wis. July 18, 2003)(denying petition).

In 2012, Simpson filed a § 2254 petition in this District challenging his confinement under his Milwaukee County conviction by arguing that DOC officials had illegally changed his sentence. The court denied the petition and final judgment was entered. *Simpson v. Haines,* No. 12-cv-410, 2013 WL 5493993, at *2 (E.D. Wis. Oct. 2, 2013). Simpson did not appeal.

In 2014, Simpson filed another habeas petition in this District challenging his pretrial confinement related to a case in Dodge County Circuit Court, case number 12CF066, and in two Grant County Circuit Court convictions in case numbers 11CF123 and 11CF220 arguing that the Wisconsin Secure Program Facility's warden had not properly taken the oath of office. That petition was dismissed for failure to exhaust his

state remedies and because its theory was unsupportable. *Simpson v. DOC*, No. 14-cv-00197, slip op. at 3-4 (E.D. Wis. Mar. 17, 2014), *aff'd,* No. 14-2056 (7th Cir. Oct. 23, 2014).

The Court of Appeals for the Seventh Circuit affirmed the judgment holding that the Wisconsin statute regarding publicly filing an oath of office did not create a liberty interest. It also noted that in 2012 it had dismissed Simpson's application to file a successive habeas petition attacking the execution of his sentence, citing No. 12-1822 (7th Cir. Apr. 12, 2012).

*Analysis*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") a district court may not consider a second or otherwise successive § 2254 petition unless the prisoner has previously obtained authorization from the appropriate court of appeals. 28 U.S.C. § 2244(b). Any attempt to obtain some advantage by filing the petition under § 2241 is to no avail because Simpson is challenging his custody under multiple state convictions. *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) ("[Section] 2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because [*Felker v. Turpin,* 518 U.S. 651 (1996)] makes clear that

bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254.")). "[A]s a practical matter the requirements of § 2254 must be met by all state prisoners filing petitions for writs of habeas corpus after conviction." *Walker*, 216 F.3d at 633. With respect to each conviction Simpson challenges, he has litigated a federal habeas corpus petition. Thus, his current petition is successive under the Rules Governing Section 2254.

If a prisoner files a successive § 2254 petition in a district court without having obtained such authorization, the court must dismiss it for want of subject matter jurisdiction. *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996). Since Simpson's petition is actually an unauthorized successive § 2254 petition, it must be dismissed for lack of jurisdiction. Simpson's motions for leave to proceed in forma pauperis and Rule 41 partial dismissal are moot and therefore denied. This Court also declines to issue a certificate of appealability because the procedural and substantive issues raised Simpson's petition do not satisfy the applicable criteria.

Additionally, given the record of Simpson's repetitious and frivolous habeas corpus filings, the Court advises Simpson that, regardless of any creative labelling, future filings that are in substance a petition for a writ

of habeas corpus may be subject to sanctions in the form of filing restrictions and/or fines. *See e.g., Montgomery v. Davis,* 362 F.3d 956, 957 (7th Cir. 2004) (recognizing court's inherent authority to sanction party for abusive filing of habeas petitions); *Alexander v. United States,* 121 F.3d 312, 315 (7th Cir. 1997) (instituting sliding scale fine and barring petitioner from filing future civil litigation for successive habeas petition filing); *United States v. Robinson,* 251 F.3d 594, 596 (7th Cir. 2001).[3]

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Walker and the DOC are **DISMISSED** from this action;

Simpson's petition for a writ of habeas corpus (ECF No. 1) is **DISMISSED** for lack of jurisdiction;

Simpson's motion for leave to proceed in forma pauperis (ECF No. 2) is **DENIED** as moot;

Simpson's motion for partial dismissal under Rule 41 (ECF No. 8) is **DENIED** as moot;

The Court **DECLINES TO ISSUE** a certificate of appealability; and

---

[3] On several occasions, courts have dismissed Simpson's civil suits and imposed a strike under 28 U.S.C. 1915(g) because actions were frivolous, malicious, or failed to state a claim. *E.g., Simpson v. Haines,* 536 F. App'x 657 (7th Cir. 2013); *Simpson v. Douma,* 04-C-298-C, 2004 WL 1563284 (W.D. Wis. June 30, 2004); *Simpson v. Wall,* 04-C-29-C, 2004 WL 720276 (W.D. Wis. Mar. 29, 2004).

The Clerk of Clerk is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this **20th** day of February, 2015.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**