## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**WILLIE SIMPSON,**

        Petitioner,

        -vs-                        **Case No. 15-C-171**

**WILLIAM POLLARD,**
Warden of Waupun Correctional Institution,

        Respondent.

---

## DECISION AND ORDER

---

This matter is before the Court on pro se Petitioner Willie Simpson's ("Simpson") motions to amend/correct his petition for a writ of habeas corpus and to alter and amend judgment pursuant to Fed. R. Civ. P. 59(e). (ECF Nos. 11,12.) By a February 20, 2015, Decision and Order (ECF No. 9), the Court held that although filed pursuant to 28 U.S.C. § 2241, Simpson's petition was actually an unauthorized successive § 2254 petition and subject to dismissal for lack of jurisdiction.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "allows every prisoner one full opportunity to seek collateral review. Part of that opportunity—part of every civil case—is an entitlement to add or drop issues while the litigation proceeds." *Vitrano v. United States,* 721 F.3d 802, 806 (7th Cir. 2013). (Citation omitted.)

However, if a petitioner wants to amend a petition after dismissal of an action, he may seek leave to amend under Rule 15(a) *after* the judgment is reopened under either Rule 59 or 60. *First Nat. Bank of Louisville v. Cont'l Ill. Nat. Bank & Trust Co. of Chi.,* 933 F.2d 466, 468 (7th Cir. 1991); *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1111 (7th Cir. 1984). Thus, the Court begins by addressing Simpson's Rule 59(e) motion to amend and alter judgment.

Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence. *See, e.g., Miller v. Safeco Ins. Co. of Am.,* 683 F.3d 805, 813 (7th Cir. 2012). "This rule enables the court to correct its own errors and thus avoid unnecessary appellate procedures." *Id.* (internal citation and quotation marks omitted). The decision to grant or deny a Rule 59(e) motion is entrusted to the "sound judgment" of the district court. *Id.*

Simpson requests that the Court alter and amend its order to specify that (1) with respect to § 2241, the limitations of 28 U.S.C. § 2244(b) apply only to § 2254 petitions according to *Magwood v. Patterson*, 561 U.S. 320 (2010), and *Valona v. United States*, 138 F.3d 698 (7th Cir. 1998); and (2) with respect to the new judgments pronounced in state court cases 11CF123, 11CF220, and 12CF066, Simpson is entitled to one collateral

- 2 -

attack per judgment. (Rule 59(e) Mot. 1.)

Simpson further states that this petition is a § 2241 collateral attack on the judgment in 11CF123 (Grant County), challenging the Wisconsin Department of Corrections' ("DOC") execution of the sentence extending his confinement. He contends that this Court committed clear error by grouping the judgments in 11CF123 and 11CF220 (Grant County) and 12CF066 (Dodge County) with his collateral attack challenging the DOC's execution of the sentence in 12CF066. (*Id*. at 3.)

In reviewing Simpson's petition, the Court described it as listing the following two grounds for relief:

> Ground one alleges Fourteenth Amendment liberty interest violations arising from application of Wis. Admin. Code § DOC 303.01(1) and (2) to his 1999 conviction and the convictions in Dodge County Circuit Court, case number 12CF066, and in Grant County Circuit Court case numbers 11CF123 and 11CF220. Ground two alleges Fourteenth Amendment liberty interest violations arising from application of Wis. Admin. Code § DOC 302.04[1] to his convictions in Dodge County

---

[1] Wisconsin Administrative Code § DOC 302.04 provides:

> (1) The purpose of a custody classification is to determine the appropriate placement of an inmate in order to regulate the supervision and movement of inmates among institutions, and between institutions and community programs.

> (2) Custody classification is determined by assessing the risk of each inmate regarding all of the following:

- 3 -

> Circuit Court, case number 12CF066, and in
> Grant County Circuit Court case numbers
> 11CF123 and 11CF220.

(Decision and Order, 4-5.) Without taking into account his motion for partial dismissal of his claims, which was denied as moot, the summary was accurate.

However, as noted in the Decision, each separate conviction should have been the subject of a separate petition. (*See id.* at 2 n.1.) Moreover, this Court's Decision is impacted by the June 22, 2015, Order of the Seventh Circuit Court of Appeals on Simpson's appeal from the dismissal for lack of jurisdiction and denial of a certificate of appealability in his

---

> (a) Assaultive or predatory behavior.
>
> (b) Escape, walk-away, and absconding occurrences.
>
> (c) Violation of inmate disciplinary rules under ch. DOC 303.
>
> (d) Disruption to the orderly processes of an institution.
>
> (e) Participation and progress in program or treatment.
>
> (f) Adjustment and history under community supervision.
>
> (g) Pending legal processes.
>
> (3) The department initiates custody classification at A&E and changes it by an individualized assessment through the program review process using factors identified in s. DOC 302.07.

Western District of Wisconsin 28 U.S.C. § 2241 action, *Simpson v. Pollard,* Case No. 14-CV-511. Specifically, the appeals court denied Simpson's request for a certificate of appealability, but it also held that the Eastern District of Wisconsin court in *Simpson v. DOC,* Case No. 14-cv-00197, (the "197 action"), had not warned Simpson, as required by *Castro v. United State*s, 540 U.S. 375, 377 (2003), that it was recharacterizing that action as being brought pursuant to § 2254 rather than § 2241. Therefore, the Western District Court actually had jurisdiction to "entertain" Simpson's petition challenging Milwaukee County case 99CF4849 and Grant County cases 11CF123 and 11CF220. The appeals court further found that Simpson had not made a substantial showing of a constitutional right as to those convictions, which for all practical purposes terminated the action.

The Court of Appeals order means that due to the failure to warn in the 197 action, this Court, like the Western District court, erred in concluding that it lacked jurisdiction over Simpson's challenges to Grant County cases 11CF123 and 11CF220 because they were successive challenges.

Although the Court of Appeals Order does not mention Dodge County case 12CF66 because it was not included in the Western District

action, the ruling would theoretically apply to that case, which was also challenged in the 197 action. Additionally, Simpson's conviction and sentencing in the Dodge County case occurred on August 21, 2014. *See http://wcca.wicourts.gov.* Since he had not been convicted or sentenced when the 197 action was pending, this action with respect to the Dodge County conviction would also not be successive.

For the foregoing reasons, the Court erred in considering the instant § 2241 petition as successive and, therefore, grants Simpson's Rule 59(e) motion and vacates the judgment. Given the vacation of the judgment and order, Federal Rule of Civil Procedure 15(a), which allows amendment once as a matter of course, applies. Since Simpson meets the criteria for such an amendment, the Court will direct the Clerk of Court to file Simpson's amended petition and supporting brief (ECF Nos. 11-1, 11-2) and to administratively terminate his motion to amend (ECF No. 11).

In addition, the Court will direct the Clerk of Court to open two new actions: the first of those actions will be with respect to Grant County case 11CF220, and the second action will be with respect to Dodge County case 12CF66. The Clerk of Court will also be required to file specific documents from this action in the two new actions. From now on this action will relate only to Grant County case 11CF123.

- 6 -

Because Simpson is in custody pursuant to a state judgment, his requests for relief are governed by § 2254. *See Walker v. O'Brien,* 216 F.3d 626, 633 (7th Cir. 2000). Section 2254 and all associated statutory requirements apply no matter what statutory label Simpson has given the cases. *Id.* "Roughly speaking, this makes § 2254 the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254." *Id.*

However, before this Court may recharacterize the § 2241 petitions as § 2254 petitions, it must notify Simpson that such a recharacterization may bar a later habeas challenge because 28 U.S.C. § 2244(b) prohibits "second or successive" § 2254 petitions. *See Castro,* 540 U.S. at 380.

The Court will afford Simpson an opportunity to withdraw his § 2241 petitions or amend them to contain all § 2254 claims he wants to assert with respect to each challenged conviction in order to avoid a bar on any additional claims as "second or successive." No later than September 18, 2015, Simpson must file a statement in each action informing the Court whether he is withdrawing his § 2241 petition or consenting to the recharacterization of it as a § 2254 petition; in the alternative, he may file

a § 2254 petition. Failure to file a response to this Decision and Order, or a § 2254 petition, in any of the three actions by September 18, 2015, will be deemed to constitute a withdrawal of the petition, and the Court will dismiss the action(s)without further order.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Simpson's motion to alter and amend judgment pursuant to Fed. R. Civ. P. 59(e) (ECF No. 12) is **GRANTED**;

The Court's February 20, 2015, Decision and Order (ECF No. 9) and Judgment (ECF No. 10) are **VACATED**;

The Clerk of Court is **DIRECTED** to file Simpson's amended petition and supporting brief (ECF Nos. 11-1, 11-2) and to terminate his motion to amend (ECF No. 11);

The Clerk of Court is **DIRECTED** to open two new actions and file Simpson's amended petition and amended brief (ECF Nos. 11-1, 11-2), his motion for leave to proceed in *forma pauperis* and prisoner trust account statement (ECF Nos. 4, 5), and a copy of this Decision and Order in both actions. The first new action will be deemed a § 2241 petition with respect to Grant County case 11CF220, and the second new action will be deemed a § 2241 action with respect to Dodge County case 12CF66. This

- 8 -

§ 2241 action will relate only to Grant County case 11CF123;

**No later than September 18, 2015,** Simpson **MUST** file a statement in each action informing the Court whether he is withdrawing his § 2241 petition or consenting to the recharacterization of his § 2241 petition as a § 2254 petition; in the alternative, he may file a § 2254 petition(s) in these actions;

If Simpson does not comply with this Order by **September 18, 2015, he will be deemed to have withdrawn his petition(s) and, without further order, the Court will dismiss the action(s)**; and

The Clerk of Court is **DIRECTED TO INCLUDE** three blank § 2254 form petitions with Simpson's copy of this Decision and Order.

Dated at Milwaukee, Wisconsin, this 20th day of August, 2015.

**BY THE COURT:**

**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

- 9 -